UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

    v.                                                    Crim. No. 05-mj-00029-LTS

JASON OWENS,
        Defendant.

MEMORANDUM AND ORDER

June 29, 2005

SOROKIN, M.J.

      Defendant Jason Owens has been charged in a criminal complaint with violations of 18 U.S.C. §§ 1951(a) (Hobbs Act robbery) and 2 (aiding and abetting). At the Preliminary Examination and Detention Hearing, Defendant, represented by counsel, waived his right to a preliminary examination and, for purposes of the detention hearing, conceded that the complaint established probable cause. The Government moved for detention on the grounds of danger to the community, 18 U.S.C. § 3142(f)(1)(a) & (d), and risk of flight, id. at 3142(f)(2)(a). I allow the Government's Motion and Order the defendant DETAINED as set forth below.

      The relevant facts are those set forth in the (1) criminal complaint, (2) the Pretrial Services Report (except that Owens is 34 not 32 as listed on page 1), (3) the summary of Owens' criminal record attached to the Report and (4) the oral report from Pretrial Services that Owens' mother is a satisfactory person to serve as a third party custodian, a conclusion reached after a Pretrial Services Officer interviewed her. I do not intend to repeat in this Order each of these facts, although I have reviewed all of the foregoing.

1

FINDINGS OF FACT AND CONCLUSIONS OF LAW

On or about June 16, 2005 three persons armed with, at least, an AK-47 attempted to rob an armored car in broad daylight in the North End of Boston. Later that day, a search of the defendant's room at a sober house in Malden revealed an AK-47, other weapons, and at least one bullet proof vest. (Although these facts are not set forth in the items listed above, counsel referred to these facts and made arguments about them at the hearing; hence I am considering them for purposes of detention). According to the evidence in the complaint, for at least the six weeks leading up to the attempted armed robbery, Owens had been holding these weapons for the robbers. He had also agreed to allow the robbers to use the sober house as a rendezvous point after the robbery which, the evidence suggests they did on June 16th.

Clearly, Owens well understood the nature of the items he held for the robbers. On April 27th he showed a confidential witness 2-3 bullet proof vests, an AK-47 and a MAC-11 carbine. The nature of these items largely speak for themselves. He also well understood the purpose to which the robbers intended to put these items – the commission of an armed robbery: the items taken together spoke this purpose; he told the CW that he was holding these items for the robbers; he was to be paid $2500 for holding the weapons from the robbery; he cleared out the other four residents of the sober house on April 27th, an earlier planned date for the robbery, so none of the other residents would be present when the robbers came and went; and he stated, in a recorded conversation with the CW, words to the effect that he not only held the guns for the robbers he had sold the guns to one of the robbers.

Owens is no stranger to armed offenses. In 1992 he received a 6-10 year split sentence from the Middlesex Superior Court for Armed Robbery and Possession of a Sawed Off Shotgun.

He also has at least four convictions for Assault and Battery with a Dangerous Weapon one of which he appears to have committed after the 1992 conviction for armed robbery.

During the period of time described in the complaint, Owens was not abusing drugs or alcohol; he was sober. Owens proposes to be released to live with his mother, a former substance abuse counselor, and his step-father, a teacher in the public schools, on twenty-four hour electronic monitoring. In addition, he proposes that his mother and stepfather pledge their home, including their approximately three hundred thousand dollars in equity in the home, to secure his compliance with all release conditions.

The defendant may be detained only if the Government establishes, by clear and convincing evidence, that the defendant is a danger to the community or, by a preponderance of evidence, that he poses a risk of flight. 18 U.S.C. § 3142; United States v. Salerno, 481 U.S. 739 (1987); United States v. Patriarca, 948 F.2d 789 (1st Cir. 1991). Considering all of the evidence and defendant's proposed conditions, I find the Government has met its burden of proof as to detention based on danger by clear and convincing evidence. As of April 27, 2005, if not earlier, Owens had agreed to hold very dangerous firearms together with other items, e.g. bulletproof vests, so that others could use all of these items to commit a dangerous violent crime, the robbery of an armored car. He further agreed to allow the robbers to use his sober house as a rendezvous point after the planned robbery. Owens rendered his assistance to the robbers with knowledge of their intentions and with the expectation he would profit from the robbery. He engaged in this conduct for a substantial period of time during which time, notwithstanding earlier struggles with

substance abuse, he was sober.[1]  All of this came well after Owens had already served ten years in jail for armed robbery.  Although defendant's proposed conditions weigh against the Government, on this defendant's record and the facts of this case, I nonetheless find that the Government has met its burden of proof as to danger.  Defendant has demonstrated an inability to conform his conduct to the law.  No condition or combination of conditions in this case will reasonably assure the safety of the community and any other person.  Therefore, I Order that the defendant be DETAINED pending trial.

As to risk of flight, however, I do not find that the Government has met its burden of proof.  The defendant and his family are from this area.  The defendant has strong ties to his mother; he visited her often and she came to court on his behalf.  Although the defendant has defaults on his record, he has none in the past five years.  His mother and stepfather have offered to pledge their home as security for the defendant's appearance.  In light of the defendant's family ties, I find this condition would reasonably assure his appearance notwithstanding the substantial jail sentence he faces if convicted.  Thus, I deny the Government's Motion for Detention as to risk of flight.

ORDER OF DETENTION PENDING TRIAL

In accordance with the foregoing memorandum, IT IS ORDERED:

1. That Mr. Owens be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from

---

[1] The evidence before me suggests Owens' role was only that described in the text of this Memorandum and Order; nothing in the complaint suggests, nor did the Government argue, that Owens was going to actually commit the robbery of the armored car.  Nonetheless, his willingness, for profit, to help the robbers poses a danger to community.

persons awaiting or serving sentences or being held in custody pending appeal;

    2. That Mr. Owens be afforded a reasonable opportunity for private consultation with counsel; and

    3. That on order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Owens is detained and confined shall deliver Mr. Owens to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

    THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).