UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10183-MLW |
| | ) | |
| JASON OWENS | ) | |

DEFENDANT'S UNOPPOSED MOTION
TO MODIFY RELEASE CONDITIONS

Under 18 U.S.C. § 3142(c)(3), defendant Jason Owens moves the Court to modify his

release conditions (1) to remove the conditions of home detention and electronic monitoring, and

the condition that he travel to any AA or NA meeting with either his mother or any police officer

approved by Pretrial Services; and (2) to direct Mr. Owens to report to Pretrial Services in person

once a week and by telephone once a week, both on a schedule to be determined by Pretrial

Services.  In support of this motion, Mr. Owens states as follows:

On November 21, 2005, the Court released Mr. Owens on a $300,000 bond, secured by a

mortgage on his mother and step-father's home in Chelsea, Massachusetts; established Mr.

Owens' mother, Maureen Greatorex, as a third-party custodian; imposed a condition of home

detention with electronic monitoring; and barred Mr. Owens from having visitors at his home

other than when his mother is present in the home.  On January 9, 2006, the Court enlarged its

order to permit Mr. Owens' step-father, Patrick Greatorex, to serve as an alternate third-party

custodian, and authorized Mr. Owens to have visitors in the presents of his mother, step-father or

friend, Sandra Vieira.

Mr. Owens has now been on release for almost four months without incident.  Since his

release, Mr. Owens has been living, as directed, at his mother and his step-father's house.  Mr.

Owens would like to get a job and/or go to school, to live as productively as possible, and be

able to attend AA meetings regularly.  Under current Pretrial Services guidelines, he is only able

to attend AA meetings a limited number of times per week, and then only with advance notice to

Pretrial Services.

Accordingly, Mr. Owens requests the Court to lift the home detention and electronic

monitoring conditions, and lift the obligation that he travel to any AA or NA meeting with either

his mother or any police officer approved by Pretrial Services.  Mr. Owens would continue to

live at his mother's house, and all other conditions of his release would remain unchanged,

except that additional conditions would be imposed so that (a) Mr. Owens is required to report in

person to Pretrial Services once a week on a day set by Pretrial Services; and (b) Mr. Owens is

required to report by telephone to Pretrial Services once a week on a day set by Pretrial Services.

U.S. Pretrial Services Officer Christopher Wylie does not oppose this motion.  In light of

Pretrial Services' position, the government, by Assistant U.S. Attorney Robert E. Richardson,

also does not oppose this motion.

For these reasons, Mr. Owens requests the Court to modify his release conditions (1) to

remove the conditions of home detention and electronic monitoring, and the condition that he

travel to any AA or NA meeting with either his mother or any police officer approved by Pretrial

Services; and (2) to direct Mr. Owens to report to Pretrial Services in person once a week and by

telephone once a week, both on a schedule to be determined by Pretrial Services.

> JASON OWENS
> By his attorney,
>
> / S /  Peter B. Krupp

Dated:  March 15, 2006

> Peter B. Krupp
>   B.B.O. #548112
> Lurie & Krupp, LLP
> One McKinley Square
> Boston, MA  02109
> Tel:  617-367-1970

2

<u>CERTIFICATE OF SERVICE</u>

       I, Peter B. Krupp, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 15, 2006.

                                       / S /  Peter B. Krupp

                                       Peter B. Krupp