UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
**05cr10183-MLW**

UNITED STATES OF AMERICA

v.

MARTIN O'BRIEN
JASON OWENS
DENNIS QUIRK
ARTHUR BURGESS

**ORDER AND
INTERIM STATUS REPORT**

**March 29, 2006**

SOROKIN, M.J.

An Initial Status Conference was held before this court on **Tuesday March 28, 2006**, pursuant to the provisions of Local Rule 116.5(A). Based on that conference, this court enters the following report and orders.

1. The defendants are in the process of reviewing materials produced to date. No relief from L.R. 116.3 is needed at this time though future relief may be necessary.

2. Each defendant has requested expert discovery in accordance with Fed. R. Crim. P. 16(a)(1)(E). Burgess and the Government agreed upon sixty and thirty day prior to trial disclosure dates respectively, while Quirk and Owens agreed to thirty and fifteen day disclosure dates and, as to O'Brien no dates have been established though he has requested expert disclosure. The Court now **ORDERS** that, as to each defendant, the respective expert disclosures dates for the Government and each defendant are thirty days prior to trial for the Government and fifteen days prior to trial for the defendant(s). The parties may revisit this schedule at the next status conference.

3. The government anticipates providing further discovery in two weeks.

4. It is premature to determine whether any defendant will file a dispositive motion.

5. In this court's view, this is not a case involving unusual or complex issues for which an early joint conference of the district judge and the magistrate judge with counsel of record would be useful.

6. In this court's view, this is not a case involving features which would warrant special attention or modification of the standard schedule, except as provided herein.

7. It is too early to determine whether a trial will be necessary or how long such a trial might last.

8. With the agreement of the parties, this court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice, i.e., review of the case, review of evidence, investigation, evaluation of discovery and dispositive motions, consideration of alternatives concerning how best to proceed with this matter, and preparation of dispositive motions, outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter

excludable time for the period of **March 28, 2006** through **May 2, 2006** is EXCLUDED from the Speedy Trial Act.[1]

9. Based upon the prior orders of the court and the order entered contemporaneously herewith, at the time of the next Interim Status Conference on **May 2, 2006,** the following periods of time have already been excluded:

    a. Jason Owens
        -Arraignment held on August 2, 2005
        - August 2, 2005 - September 19, 2005 excluded per August 2, 2005 Electronic Order Allowing Docket #13
        - September 19, 2005 - November 8, 2005 excluded per September 19, 2005 Order docket #36;

    b. Arthur Burgess
        -Arraignment held on July 25, 2005
        -September 6 - November 8, 2005 excluded per September 6, 2005 Order Docket #27 and 28 (Order docketed twice)

    c. Martin O'Brien
        -Arraignment held on August 3, 2005
        -August 3, 2005 - September 20, 2005 excluded per August 3, 2005 Electronic Order Allowing Docket #14;
        -September 6 - November 8, 2005 excluded per September 6, 2005 Order Docket #27

    d. Dennis Quirk
        -Arraignment held on August 11, 2005
        -August 11, 2005 - September 20, 2005 excluded per September 19, 2005 Electronic Order granting Docket #34
        -September 20, 2005 - November 8, 2005 excluded per September 20, 2005 Order Docket #35.

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).

      e. All Defendants
-November 8, 2005 - December 8, 2005 excluded per December 8, 2005 Electronic Order granting Docket #55.
-January 23, 2006 - March 20, 2006 excluded per February 17, 2006 Electronic Order granting Docket #71
-March 28, 2006 - May 2, 2006 excluded per this Order dated March 29, 2006.

10. As to all four defendants, the periods from December 9, 2005 to January 22, 2006 and March 21, 2006 to March 27, 2006 do not appear to have been excluded by express order of the Court. In addition, as to defendant Burgess, the period from July 25, 2005 to September 5, 2005 does not appear to have been excluded by express order of the Court. **As to these periods, the Government is requested to review the docket and file a motion to exclude, in advance of the next status conference, if it believes some or all of these periods are excludable under the Speedy Trial Act.**

11. **A Further Interim Status Conference has been scheduled for May 2, 2006 at 2:00 p.m.**

          / s / Leo T. Sorokin
      LEO T. SOROKIN
      UNITED STATES MAGISTRATE JUDGE