```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.      ) | CRIMINAL NO. 05-10183-MLW |
| ) | |
| **DENNIS QUIRK (1),**   ) | |
| **MARTIN O'BRIEN (2),** ) | |
| **ARTHUR BURGESS (3), and** ) | |
| **JASON OWENS (4)**  ) | |

## MOTION TO EXCLUDE TIME

The government hereby moves to exclude the following periods of time from the time within which this case must otherwise be tried under the Speedy Trial Act ("STA").

As to each of defendants Quirk, O'Brien, Burgess, and Owens, the government moves to exclude the period from December 8, 2005 to and including January 24, 2006. At the status conference on December 8, 2005, defendants Quirk and Burgess indicated that they were going to oppose the government's effort to obtain DNA samples from them. The time between December 8, 2005 and January 24, 2005 – the date this Court allowed the government's motion for samples from said defendants, having received the government's motion, said defendants' oppositions, and having heard argument on the issue – is therefore excludable pursuant to 18 U.S.C. §§ 3161(h)(1)("[a]ny period of delay resulting from other proceedings concerning the defendant . . ."), 3161(h)(1)(F) ("delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"), and 3161(h)(7)("[a]

reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run . . ."). See also, e.g., United States v. Barnes, 159 F.3d 4 (1st Cir. 1998)(exclusion of time attributable to one defendant is applicable for all codefendants); United States v. Jodoin, 672 F.2d 232 (1st Cir. 1982)(oral motion for time to file motions falls under general language of 3161(h)(1)).

The government further moves to exclude as to each of defendants Quirk, O'Brien, Burgess, and Owens, the time from March 21, 2006 to March 27, 2006, inasmuch as defendant Owens had pending a motion to modify his conditions of release as of March 15, 2006, and an exclusion of time attributable to one defendant is applicable to all codefendants. See Barnes, supra; see also United States v. Santiago-Becerril, 130 F.3d 11, 19 (1st Cir. 1997); see also 18 U.S.C. § 3161(h)(1)(F).

The government further moves to exclude, as to defendant Burgess, the period from July 25, 2005 to August 22, 2005, pursuant to Local Rule 112.2(A)(1)-(2). The government further moves to exclude as to defendant Burgess the time from August 22, 2005 to September 5, 2005, inasmuch as defendant Owens had pending his motion to revoke detention order (Docket No. 18), and an exclusion of time attributable to one defendant is

attributable to all codefendants.  See Barnes and Santiago-Becerril, supra.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

    By: /s/ Robert E. Richardson
      ROBERT E. RICHARDSON
      Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

 I, Robert E. Richardson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 9, 2006.

          /s/Robert E. Richardson
          ROBERT E. RICHARDSON