```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA      )
                              )
     v.                       )   Cr. No. 05-10183-MLW
                              )
JASON OWENS                   )
```

### ORDER RE: INTERIM PAYMENTS FOR REPRESENTATION OF COUNSEL

WOLF, D.J.

Pursuant to the Criminal Justice Act, the court has appointed Peter B. Krupp, Esq. to represent defendant Jason Owens in this complex case against him and others. Mr. Krupp has requested that this court authorize interim payment of his reasonable fees and expenses. This request is meritorious and is, therefore, hereby ALLOWED.

Because of the expected length of the trial and pre-trial proceedings in this case and the anticipated hardship on counsel in undertaking representation for such a period without compensation, pursuant to paragraph 2.30 of the "Guidelines for the Administration of the Criminal Justice Act," the following procedures for interim payments to counsel appointed under the Criminal Justice Act shall apply during the course of this case:

1. Submission of Vouchers

Counsel shall submit to the court clerk, every other month, an interim CJA Form 20, "Appointment & Voucher for Counseling Services." Compensation earned and reimbursable expenses incurred

for the prior two months shall be claimed on such an interim voucher submitted no later than the 27th day of the following month or the first business day thereafter.  The first interim voucher submitted shall reflect all compensation claimed and reimbursable expenses incurred from the date of appointment to the date of that voucher, and shall be submitted no later than October 27, 2006; thereafter, the vouchers shall be submitted according to the schedule described above.

Thus, the second interim voucher covering any compensation earned and reimbursable expenses incurred for the months of November and December, 2006 shall be submitted no later than December 27, 2006. Counsel shall strike the pre-printed numbers on all but the first Criminal Justice Act Form 20 submitted and substitute the number appearing on the first voucher therefor.  In addition, counsel shall complete item 21 of the Form.  Each voucher shall be numbered in series and include the time period each covers.  Interim vouchers shall be submitted in accordance with this schedule even though little compensation or expenses are claimed for the respective period.

All interim vouchers shall be supported by detailed and itemized time and expense statements.  Chapter II, Part C of the "Guidelines for the Administration of the Criminal Justice Act" outlines the procedures and rules for claims by Criminal Justice Act attorneys and should be followed regarding each voucher.

I will review the interim vouchers when submitted, and will

authorize compensation to be paid for the approved number of hours.

    2.   <u>Reimbursable Expenses</u>

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation.  While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $200 without prior approval of the Court.  Such approval may be sought by filing an <u>ex</u> <u>parte</u> application with the Clerk stating the nature of the expense, the estimated dollar cost and the reason the expense is necessary to the representation.  An application seeking such approval may be filed <u>in</u> <u>camera</u>, if necessary.  Upon finding that the expense is reasonable, I will authorize counsel to incur it.  Recurring expenses, such as telephone calls, photocopying and photographs, which aggregate more than $200 on one or more interim vouchers are not considered single expenses requiring Court approval.

With respect to travel outside the City of Boston for the purpose of consulting with the client, interviewing witnesses, etc., the $200 rule should be applied in the following manner. Travel expenses, such as airfare, mileage, parking fees, meals and lodging, can be claimed as itemized expenses.  Therefore, if the reimbursement for expenses relating to a single trip will aggregate an amount in excess of $200, the travel should receive prior approval of the Court.

The following additional guidelines may be helpful to counsel.

a) Case related travel by privately owned automobile should be claimed at the rate of $0.445 cents per mile, plus parking fees, ferry fares, and bridge, road and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Air travel in "first class" is prohibited.

b) Actual expenses incurred for meals and lodging while travelling outside of the City of Boston in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations. These regulations present limited lodging and meals expense to a total of $112.00 per day, except in specified high cost areas. For specific details concerning high cost areas, counsel should consult the clerk.

c. Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for services of subpoenas on fact witnesses are not reimbursable, but rather are governed by Fed. R. Crim. P. 17.

3. <u>Further Questions or Guidance</u>

Answers to questions concerning appointment under the Criminal Justice Act can generally be found in (1) 18 U.S.C. § A; (2) the

Plan of the United States District Court of the District of Massachusetts, available through the Clerk, and (3) <u>Guidelines for The Administration of the Criminal Justice Act</u>, published by the Administrative Office of the U.S. Courts, also available through the Clerk. Should these references fail to provide the desired clarification or direction, counsel should fail to provide the desired clarification or direction, counsel should address their inquiry directly by me or my staff.

/s/ Mark L. Wolf
UNITED STATES DISTRICT COURT
