UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
**05cr10183-MLW**

UNITED STATES OF AMERICA

v.

MARTIN O'BRIEN
JASON OWENS
DENNIS QUIRK
ARTHUR BURGESS
PATRICK LACEY

## REPORT AND ORDER ON
## FINAL STATUS CONFERENCE

January 9, 2007

SOROKIN, M.J.

A Final Status Conference was held before this court on January 9, 2007, pursuant to the

provisions of Local Rule 116.5(A). Based on that conference, this court enters the following

report and orders.

1.    A trial maybe necessary as to some and possibly all of the defendant(s).

2.    The discovery to be provided before the Initial Pretrial Conference is complete
      and neither party anticipates providing additional discovery as a result of its future
      receipt of information, documents or reports of examinations or tests. In addition,
      the government is in the process of providing some additional informal discovery
      to the defendants.

3.    The District Judge will establish a schedule governing the filing of any dispositive
      motions.

4.    With the agreement of the parties, this court finds and concludes, pursuant to the
      provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt

Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice, i.e., review of the case, review of evidence, investigation, evaluation of discovery and dispositive motions, consideration of alternatives concerning how best to proceed with this matter, preparation of dispositive motions and determination after hearing of discovery motions, outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time for the periods set forth below which periods are EXCLUDED from the Speedy Trial Act:[1]

1. November 30, 2006 to December 19, 2006;
2. December 19, 2006 to January 9, 2007;

5. No defendant intends to raise a defense of insanity or public authority.

6. Orders of the Court excluding time from the Speedy Trial Clock are listed in the Court's Orders and Interim Status Reports of November 15, 2006 (Docket # 124), May 9, 2006 (Docket # 97), March 29, 2006 (Docket #81). In addition, this Order at paragraph 4 excludes further time and the Court's electronic order of July 13, 2006 allowing the United States' unopposed Motion (docket #96) excludes time.

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).

As a result of all of the foregoing orders, as of January 9, 2007, no unexcluded time will have elapsed as to any of the defendants.[2]

7.    The estimated length of trial is approximately three weeks.

The Clerk shall return this file to the District Judge assigned to this case for the scheduling of an Initial Pretrial Conference.

/ s / Leo T. Sorokin

LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE

---

[2]    I note that several of the Orders and Interim Status Reports state that the unexcluded time remains as described in Docket #81, however, those statements are incorrect as they fail to account for the Court's July 13, 2006 electronic order.