

**U.S. Department of Justice**

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

March 22, 2007

Peter B. Krupp. Esq.
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109

      Re:    United States v. Jason Owens
              Criminal No. 05-10183-MLW

Dear Mr. Krupp:

      This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Jason Owens ("Defendant"), in the above-captioned case. The Agreement is as follows:

      1.    Change of Plea

      At the earliest practicable date, Defendant shall plead guilty to both counts in which he is named in the above-captioned Second Superseding Indictment (the "Indictment"). Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Counts One and Five of the Indictment, and is in fact guilty of those offenses.

      2.    Penalties

      The government contends that Defendant faces the following minimum mandatory and maximum penalties:

      As to Count One, charging Defendant with Conspiracy to Affect Commerce by Robbery, in violation of 18 U.S.C. §1951, Defendant faces a maximum possible term of incarceration of 20 years, a maximum possible fine of $250,000, a maximum term of supervised release of three years, and a mandatory special assessment of $100.



As to Count Five, charging Defendant with being a Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. §922(g)(1), Defendant faces a minimum mandatory term of imprisonment of 15 years and a maximum possible term of imprisonment of life; a maximum possible fine of $250,000; a maximum possible term of supervised release of five years; and a mandatory special assessment of $100.

3.   Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing court, subject to the statutory mandatory minimum and maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The U.S. Attorney will take the following positions at sentencing with respect to the application of the Sentencing Guidelines:

With respect to Count One, the base offense level is 20, pursuant to U.S.S.G. § 2B3.1(a); the base offense level should be increased by 2 levels, pursuant to U.S.S.G. § 2B3.1(b)(1); the base offense level should further be increased by 6 levels, pursuant to U.S.S.G. § 2B3.1(b)(2)(B); and the offense level should further be increased by 5 levels, pursuant to U.S.S.G. § 2B3.1(b)(7)(F); for a total offense level before adjustments of 33. Defendant is a career offender within the meaning of U.S.S.G. § 4B1.1(a). Pursuant to U.S.S.G. § 4B1.1(b)(C), because the career offender provisions provide for a lower offense level than does Chapter 2, the total offense level for Count One before adjustment pursuant to U.S.S.G. § 3E1.1 is 33. Defendant's criminal history category is VI.

With respect to Count Four, the base offense level is 24, pursuant to U.S.S.G. § 2K2.1(a)(2); the base offense level should be increased by 2 levels, pursuant to U.S.S.G. § 2K2.1(b)(1)(A); the base offense level should further be increased by 2 levels, pursuant to U.S.S.G. § 2K2.1(b)(4); and the base offense level should further be increased by 4 levels, pursuant to U.S.S.G. § 2K2.1(b)(5); for a total offense level before adjustments of 32. Defendant is an armed career criminal as defined at 18 U.S.C. § 924(e), and thus, pursuant to U.S.S.G. §§ 4B1.4(b)(3)(A) and 4B1.4(c)(2), because the armed career criminal provisions provide for a greater offense level than does Chapter 2, the total offense level for Count Four before adjustment pursuant to U.S.S.G. § 3E1.1 is 34. Defendant's criminal history category is VI. Because Defendant is an armed career criminal, a minimum mandatory term of imprisonment of 15 years applies to Count Four.

Defendant reserves all of his rights with respect to the applicable advisory guidelines calculation. Defendant further reserves his right to argue for a downward departure or deviation from the advisory guidelines range and agrees to provide the U.S. Attorney at least twenty-one (21) days written notice prior to sentencing of any grounds to be advanced at sentencing in support of any motion for a downward departure or deviation from the otherwise applicable advisory guideline

sentencing range. The U.S. Attorney reserves the right to oppose any such departure motion.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than fourteen days before sentencing, or seven days after receipt of the final presentence report, whichever is later. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney within the time before sentencing set out in the previous sentence shall be deemed waived.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to USSG §4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the U.S. Attorney may contend that an upward departure under §4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under USSG §3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under USSG §3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

(g) Intentionally fails to appear in Court or intentionally violates any condition of release;

(h) Commits a crime;

 (i) Transfers any asset protected under any provision of this Agreement; and/or

 (j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after date of this Agreement.

4. Sentence Recommendation

In the event the U.S. Attorney does not file a motion under USSG §5K1.1 and 18 U.S.C. §3553(e), the U.S. Attorney agrees to recommend the following sentence before the District Court:

 (a) Incarceration or other confinement at the low end the Guidelines Sentencing Range found by the Court at the time of sentencing, but not below any mandatory minimum sentence;

 (b) A fine within the Guidelines Sentencing Range found by the Court a the time of sentencing, unless the court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

 (c) A mandatory special assessment of $200; and

 (d) A five-year term of supervised release.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

4

6.      Cooperation

    a.    Terms of Cooperation

Defendant agrees to cooperate fully with state and federal law enforcement agents and government attorneys. He must provide complete and truthful information to all state and federal law enforcement personnel. If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions put to him by any state or federal law enforcement agents or government attorneys and must not withhold any information. He must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, he must furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement. Defendant hereby makes such a request.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's state and federal cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

    b.    Substantial Assistance Motion

In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, he will file a motion under USSG §5K1.1 to allow the Court to impose a sentence below the applicable Guideline Sentencing Range, and a motion under 18 U.S.C. §3553(e) to enable the Court to impose a sentence below the statutory mandatory minimum.

The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to USSG §5K1.1 and 18 U.S.C. §3553(e) if Defendant violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 6. a. above, or engages in any criminal conduct after the date he signs this Agreement. Defendant may not withdraw his plea if the U.S. Attorney determines that

5

Defendant has not rendered substantial assistance, or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

        c.        Sentence Recommendation with Substantial Assistance

If Defendant provides substantial assistance, subject to all the provisions of paragraphs 6. a. and 6. b. above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Defendant.

The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing.

        d.        Letter Immunity

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement or pursuant to the proffer letter dated June 27, 2005 (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution for perjury or obstruction of justice, or for making a false statement after the date of this Agreement. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in USSG §1B1.8(a) and the commentary thereto. Notwithstanding the provisions of USSG §1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant, in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted, or in determining whether any factor under 18 U.S.C. §3553(a) should or should not apply.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court after the date of this Agreement, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

        7.        Court Not Bound by Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation

6

Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph 1 of this Agreement.

9. <u>Rejection of Plea by Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

10. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has intentionally failed to comply with any provision of this Agreement, has intentionally violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated June 27, 2005, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

11. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12. <u>Complete Agreement</u>

    This letter contains the complete agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated June 27, 2005. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated June 27, 2005. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

    If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Robert E. Richardson.

                                        Very truly yours,

                                        MICHAEL J. SULLIVAN
                                      United States Attorney

By: _____
      LAURA J. KAPLAN, Chief
      Violent & Organized Crime Section

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Jason Owens
Defendant

Date: 3/22/07

I certify that I believe Jason Owens has read this Agreement. We have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Peter B. Krupp, Esq.
Attorney for Defendant

Date: 3/22/07